UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ALANA M. DeYOUNG,<br><br>   Plaintiff,<br><br>  v.<br><br>WEISER VALLEY HOSPITAL DISTRICT, aka WEISER MEMORIAL HOSPITAL; REUBEN DeKASTLE; LORI COATES; and MAUREEN RALEIGH,<br><br>   Defendants. | CIV. NO. 1:13-322 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Alana M. DeYoung, a former employee of defendant Weiser Valley Hospital District ("Weiser Memorial"), brought this civil rights case against Weiser Memorial and three hospital employees based on her termination. On March 31, 2014, the court granted defendants' motion to dismiss plaintiff's Complaint in its entirety. (Docket No. 23.) Plaintiff filed a First Amended Complaint ("FAC"), and defendants now move to dismiss the FAC pursuant to Federal Rule of Civil Procedure

1

12(b)(6) for failure to state a claim upon which relief can be granted.

The FAC has only minor changes from the Complaint and alleges claims under (1) 42 U.S.C. § 1983 based on alleged violations of the First Amendment and procedural due process; 2) the Idaho Human Rights Act, Idaho Code §§ 67-5901 to 67-5912; and 3) Idaho state law for wrongful termination. Because the court's March 31, 2014 Order discussed the factual allegations in the Complaint and they generally remain the same in the FAC, the court will not restate them here. See DeYoung v. Weiser Valley Hospital Dist., Civ. No. 1:13-322 WBS, 2014 WL 1323631 (D. Idaho Mar. 31, 2014).

I. Plaintiff's § 1983 Claim for Violation of the First Amendment

In its previous Order, the court found that none of the statements in plaintiff's formal complaint/grievance raised matters of public concern, and thus none of plaintiff's written statements were legally sufficient to form the basis of a claim under § 1983 for violation of the First Amendment. (Mar. 31, 2014 Order at 3:4-9:3.) In the FAC, however, plaintiff again expressly alleges that she was terminated for filling the written complaint/grievance. (See FAC ¶ 17 ("Though not known at the time, the Plaintiff asserts, based on her information and belief, she was being terminated in retaliation against her for filing a formal Grievance/Complaint on June 21, 2012."). Plaintiff's termination because of any statements in her written complaint/grievance cannot give rise to a cognizable First Amendment violation. (See Mar. 31, 2014 Order at 3:4-9:3.)

Plaintiff also allegedly made certain oral statements to her direct supervisors and the Weiser Memorial Human Resources Manager about her inadequate training to work on the Med-Surgical floor. In her initial Complaint, plaintiff alleged these oral statements were "directly related to the general well-being and concern for the patients." (Compl. ¶ 13.) The court did not consider these statements when deciding the previous motion to dismiss because the Complaint did not allege that plaintiff's termination or any other adverse employment action was caused by those statements. (See Mar. 31, 2014 Order at 9:4-16.)

To prevail on a § 1983 claim based on a First Amendment violation, a plaintiff must show that the "protected speech was a substantial or motivating factor in the adverse employment action." Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009). Plaintiff now alleges that her "change in position created a danger that rose to the level of a public concern and appears to be related to Ms. DeYoung's eventual termination from WMH." (Id. ¶ 13.) This allegation, however, is unclear as to whether plaintiff's protected speech, as opposed to her transfer, "appears to be related to" her termination. Moreover, the court seriously doubts that even an allegation that protected speech "appears to be related to" an adverse employment action is sufficient to allege a plausible theory of causation. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007))).

Even assuming that plaintiff has sufficiently alleged

causation and that the oral statements touch on a matter of public concern, the oral statements are nonetheless insufficient to give rise to a First Amendment violation. To prevail on a § 1983 claim based on a violation of the First Amendment, a public employee must also show that she spoke as a private citizen. Eng, 552 F.3d at 1070. The Supreme Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). "Conversely, a public employee's speech on a matter of public concern is protected 'if the speaker "had no official duty" to make the questioned statements, . . . or if the speech was not the product of "perform[ing] the tasks [the employee] was paid to perform."'" Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1071 (9th Cir. 2012) (quoting Posey v. Lake Pend Oreille Sch. Dist. No. 84, 546 F.3d 1121, 1127 n.2 (9th Cir. 2008)) (omission and alterations in original). "The scope and content of a plaintiff's job responsibilities is a question of fact, . . . while 'the ultimate constitutional significance of the undisputed facts' is a question of law." Id. (quoting Eng, 552 F.3d at 1071) (alteration omitted).

The Supreme Court has not sought to "articulate a comprehensive framework for defining the scope of an employee's duties," explaining that the "proper inquiry is a practical one" that may be unrelated to the employee's job description. Garcetti, 547 U.S. at 424-25. "Generally, in a highly hierarchical employment setting . . . , when a public employee

4

raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job . . . ." Hagen v. City of Eugene, 736 F.3d 1251, 1258 (9th Cir. 2013) (internal quotation marks and citation omitted); see also Davis v. McKinney, 518 F.3d 304, 313 n.3 (5th Cir. 2008) ("[T]he caselaw is unanimous in holding that employee's communications that relate to his own job function up the chain of command, at least within his own department or division, fall within his official duties and are not entitled to First Amendment protection."). "If, on the other hand, 'a public employee takes his job concerns to persons outside the work place in addition to raising them up the chain of command at his workplace, then those external communications are ordinarily not made as an employee, but as a citizen.'" Hagen, 736 F.3d at 1258 (quoting Dahlia v. Rodriguez, 735 F.3d 1060, 1074 (9th Cir. 2013)).

In Hagen, a police officer "repeatedly air[ed] concerns about work-related safety issues to his supervisors" stemming from incidents of misfired shots by the SWAT team. Id. at 1253. The Ninth Circuit held that the jury verdict in the officer's favor had to be set aside because the officer had a duty to report such safety issues and thus his complaints were made as a public employee. Id. at 1259-60. The court contrasted its holding to a prior case in which it had held that a ship engineer who complained of corruption by the manager of the Washington State Ferries did so as a private citizen because his "'job was to do the tasks of a Chief Engineer on his ferry, and such tasks did not include pointing to corrupt actions of higher level

5

officials.'" Id. at 1259 (quoting Marable v. Nitchman, 511 F.3d 924, 932 (9th Cir. 2007)).

Here, plaintiff's FAC is silent as to whether her duties required her to inform her supervisors if her lack of training would prevent her from safely performing her nursing duties. Not only does the FAC lack any factual allegations on this issue, plaintiff does not even allege that her oral complaints were made as a private citizen. Inferring that a nurse did not have a duty to report risks to patient safety caused by the nurse's own lack of training in the absence of any supporting factual allegations strains plausibility.[1] Plaintiff's failure to sufficiently allege that she spoke as a private citizen is fatal to her First Amendment challenge. See Eng, 552 F.3d at 1070. Accordingly, the court must grant defendants' motion to dismiss plaintiff's § 1983 claim based on a violation of the First Amendment.

II. Plaintiff's § 1983 Claim for Violation of Procedural Due Process

In the March 31, 2014 Order, the court granted defendants' motion to dismiss plaintiff's § 1983 claim based on a

---

[1] Although the court does not consider this extraneous statement in deciding this motion, it notes that plaintiff's counsel took the opposite position at the hearing on defendants' previous motion to dismiss:

> THE COURT: But do you take the position that she had a duty to report these risks of harm as part of her job?
>
> MR. THARP: I believe she's under a duty to advise the employer if she was not qualified to be a nurse on the floor.

(Mar. 13, 2014 Tr. 21:19-24.)

6

violation of procedural due process because the Complaint "lacks a single allegation even giving rise to the inference that she had a legitimate claim of entitlement to her employment to employment at Weiser Memorial Hospital, much less to her schedule, floor assignment, or position." (Mar. 31, 2014 Order at 10:14-17.) The FAC does not even attempt to address this deficiency. Accordingly, because the FAC fails to allege that plaintiff had a property interest in her employment, floor assignment, or position that was protected under the Constitution, (see id. at 9:21-10:13), the court must grant defendants' motion to dismiss plaintiff's § 1983 claim based on a deprivation of procedural due process.[2]

### III. Leave to Amend

"A district court may dismiss a complaint without leave to amend if 'amendment would be futile.'" Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Carrico v. City & County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011))). Although

---

[2] Plaintiff's FAC and opposition to defendants' motion to dismiss continue to characterize this claim as a violation of "due process and equal protection." As the March 31, 2014 Order explained, plaintiff's factual allegations do not suggest a violation of the Equal Protection Clause, and the Supreme Court has held that "the class-of-one theory of equal protection has no application in the public employment context." Engquist v. Or. Dep't of Agric., 553 U.S. 591, 607 (2008) (quoting Connick v. Myers, 461 U.S. 138, 143 (1983)) (internal quotation marks omitted).
Although the FAC has relatively few and minor differences from the Complaint, it adds new allegations that plaintiff was subjected to a hostile work environment. (See FAC ¶¶ 15, 18.) At oral argument, plaintiff's counsel indicated that the court can disregard these allegations.

7

plaintiff's counsel has requested a second opportunity to amend, any amendment would be futile because he conceded he would be unable to address two significant deficiencies. First, plaintiff's counsel acknowledged that he would be unable to add any new factual allegations in support of the conclusory statement that plaintiff spoke as a private citizen when she raised concerns about the risks her transfer would cause patients. Second, he admitted he would be unable to add any new allegations in support of plaintiff's procedural due process claim. Because any amendment that fails to cure these deficiencies would be insufficient to state a claim under § 1983, the court will dismiss plaintiff's § 1983 claims with prejudice.

### IV. Remaining State Law Claims

Supported only by cursory allegations, the FAC alleges claims for violation of the Idaho Human Rights Act and wrongful termination under state law. Because plaintiff has not alleged a cognizable federal claim, the court declines to exercise supplemental jurisdiction over her state law claims. See 28 U.S.C. § 1367(c)(3) ("[A court] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction."); Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.").

IT IS THEREFORE ORDERED that defendants' motion to

dismiss the First Amended Complaint be, and the same hereby is, GRANTED.  Plaintiff's § 1983 claims are dismissed with prejudice, and her state law claims are dismissed without prejudice.

Dated: August 27, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE